UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JAN 3 1 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-65-GWU

GLEN A. CLUNEY, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Glen Cluney brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Cluney, a 45 year-old former welder, meat packer, and carpenter's helper with a high school education, suffered from impairments related to insulin dependent diabetes mellitus with a history of right foot drop, borderline intellectual functioning, a history of cardiac arrest, a history of acute renal failure, and a history of small bowel obstruction (being status post ileostomy and colostomy with colostomy reversal). (Tr. 14, 21). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 26). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The hypothetical question presented to Vocational Expert William Ellis included an exertional restriction to light level work reduced from a full range by such non-exertional restrictions as (1) an inability to stand or walk for more than six hours a day in two-hour intervals; (2) an inability to sit for more than six hours a day; (3) a limited ability to push or pull with the lower extremities on the right; (4) an inability to ever climb ladders, ropes or scaffolds; (5) an inability to more than occasionally balance, stoop, or crouch; and (6) a limitation to simple, repetitive tasks. (Tr. 60). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 60-61). Therefore, assuming that the vocational factors considered by Ellis fairly characterized Cluney's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. The question included all of the physical restrictions identified by Dr. Myung Cho, a non-examining Medical Reviewer. (Tr. 419-423). Dr. Kevin Ahern, who provided treatment to the plaintiff when his colleague, Dr. John Randolph, was unavailable, opined that the claimant was unable to return to work. (Tr. 399). However, Dr. Ahern appears to have meant only Cluney's past relevant work rather than all jobs, since the doctor continued by stating that this was due to the physical nature of the plaintiff's job. (Tr. 399). Thus, the ALJ's decision is actually compatible with this opinion. Dr. Kira Schofield, who treated Cluney for small bowel obstruction, found no restrictions relating to the surgical procedures which had been performed. (Tr. 402). No other treating or examining source of record reported the existence of more severe physical restrictions than those presented in the hypothetical question including the staff at Mason District Hospital (Tr. 137-195),

6

the staff at St. Francis Medical Center (Tr. 196-343, 363-364), Dr. Saira Asadullah (Tr. 344-346), Dr. Henry Sherman (Tr. 349-351), Dr. Jennifer Ford (Tr. 353-358), Dr. John Randolph (Tr. 365-366), the staff at Mercy Health Partners (Tr. 374-397, 441-452), Dr. Martin Bertram (Tr. 431-432), Dr. John Abe (Tr. 453), the staff at Marymount Medical Center (Tr. 462-475), and the staff at the Sleep Disorder Center (Tr. 476-481). Therefore, the hypothetical question fairly depicted the claimant's physical condition.

The hypothetical question also fairly characterized Cluney's mental status. The mental factors of the question were essentially compatible with the opinion of Psychologist George Shulz, an examining consultant, who indicated that the plaintiff would be only minimally impaired in his ability to relate to others and would be able to relate adequately to fellow co-workers with regard to simple, repetitive tasks. (Tr. 372). The examiner also indicated that the plaintiff would have sufficient attention and concentration to perform simple to moderate tasks as well as withstand the pressures and stresses of work activity in such a setting. (Tr. 372). He would be "mildly to moderately" impaired in understanding, remembering and carrying out instructions but could perform simple, routine tasks. (Tr. 372). Psychologist John Malinky, a non-examining Medical Reviewer, indicated the existence of somewhat more severe mental limitations. (Tr. 403-404). However, the administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 404.1527(d)(1). Thus, the ALJ could properly rely upon Shulz in preference to Malinky.

Cluney argues that the ALJ erred in failing to include a "moderate" limitation of ability to maintain concentration, persistence or pace in the

7

hypothetical question, noting that the ALJ made this finding in the text of his decision. (Tr. 20). However, as previously noted, the hypothetical question was consistent with the restrictions identified by Shulz, the examining source. Therefore, the Court must reject the plaintiff's argument.

Cluney also asserts that the ALJ erred in failing to find that he met or equaled the requirements of Section 9.08(A) regarding diabetes mellitus. This section requires a claimant to show "neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dextrous movements, or gait and station." 20 C.F.R. Part 404, Subpart P, Appendix 1 Section 9.08(A). The record reveals right foot problems and some atrophy on the right lower extremity. (Tr. 344, 382, 398, 431-432). However, these findings do not meet the requirements of significant disorganization of motor function in _two_ extremities. The claimant does not state how the Listing is equaled and no physician of record, including Dr. Cho, the Medical Reviewer, noted that a Listing had been equaled. Therefore, the Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 31 day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8